**Jeanne M. PICCIANO, Executrix of the Estate of Catherine J. Bunnell, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C–1–80–326.

United States District Court, S. D. Ohio, W. D.

Sept. 15, 1981.

Jerome J. Donnellon, Cincinnati, Ohio, for plaintiff.

Donetta D. Wiethe, Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

OPINION

DAVID S. PORTER, Senior District Judge.

This is an action for the refund of federal income taxes and interest paid by an estate in 1976 in the amount of $20,740.65 plus statutory interest. Plaintiff has pursued her administrative remedy without success. The parties have agreed to submit this case to the Court for decision on stipulation of facts (docs. 6, 8) and trial memoranda (docs. 7, 9).

The legal question presented is whether plaintiff's decedent, Catherine J. Bunnell, was possessed at her death of a general

power of appointment over a certificate of deposit and a mortgage which should have been included in her gross estate for estate tax purposes. This Court's jurisdiction is obtained pursuant to 28 U.S.C. § 1346(a).

## FINDINGS OF FACT

The facts stipulated by the parties (docs. 6, 8) are adopted by the Court as its findings of fact. Fed.R.Civ.P. 52(a).

## CONCLUSIONS OF LAW

The applicable statutory and regulatory provisions are amply set out in the memoranda of the parties, so it will not be necessary to do so here. We need only note that a power of appointment that would otherwise be considered "general" and includable in the value of the deceased's gross estate is not so includable if its exercise is "limited by an ascertainable standard relating to the health, education, support, or maintenance of the decedent," 26 U.S.C. § 2041(b)(1)(A), nor is it includable "[i]f the power is not exercisable by the decedent except in conjunction with a person having a substantial interest in the property, subject to the power, which is adverse to exercise of the power in favor of the decedent," 26 U.S.C. § 2041(b)(1)(C)(ii).

Plaintiff's memorandum concedes that exercise of the power obtained by decedent under Item II of the Earnest J. Bunnell will (doc. 8, exh. A) was not limited by an "ascertainable standard" (doc. 7, ¶ 7). *See* 26 C.F.R. § 20.241–1(c)(2). Hence the only issue presented is whether the power of appointment at issue as "not exercisable by the decedent except in conjunction with a person having a substantial interest . . . which is adverse . . . to the decedent." 26 U.S.C. § 2041(b)(1)(C)(ii).

For purposes of this opinion we will accept plaintiff's interpretation of the Clermont County Probate Court's entry construing the Bunnell will (doc. 8, exh. B) to the effect that the deceased was required to obtain that court's consent before selling or conveying the property left to her by the Bunnell will.

Plaintiff argues that the Clermont County Probate Court "stands in the place of and for the protection of the remaindermen" under the Bunnell will and as such stands as a person having a "substantial interest" "adverse" to that of decedent. While there is no authority directly on point, we find the Tax Court decision in *Estate of Towle v. Commissioner,* 54 T.C. 368 (1970) to be analogous and controlling. In *Towle* the decedent possessed a power of appointment over the proceeds of certain life insurance policies that was exercisable only with the consent of a trustee. The Court held the decedent had a general power of appointment because the trustee, a bank, had no present or future chance to obtain a personal benefit from the policy proceeds nor did it owe any duty to any potential beneficiary of the policy proceeds to refrain from exercising its consent to decedent's exercise of her appointment power. 54 T.C. at 371–372. The Court stated, "[w]e think that the phrase 'substantial interest in the property, subject to the power, which is adverse to exercise of the power in favor of the decedent,' as used in section 2041(b)(1)(C)(ii), was intended at the very least to require that the third person have a present or future chance to obtain a personal benefit from the property itself." 54 T.C. at 372 (footnote omitted). *Accord, Maytag v. United States,* 493 F.2d 995 (10th Cir. 1974); *Miller v. United States,* 387 F.2d 866 (3d Cir. 1968); *Jones v. Commissioner,* 56 T.C. 35 (1971), *affirmed,* 474 F.2d 1338 (3d Cir. 1973), *cert. denied,* 414 U.S. 820, 94 S.Ct. 115, 38 L.Ed.2d 53 (1973).

It is clear from the record in this action that the Clermont County Probate Court had no "interest" in the property passing under the Bunnell will because that Court could in no way benefit from that property. It could be said that the Clermont County Probate Court stood as a trustee, but as such it did not stand in the place of the remaindermen such that it had an interest adverse to that of the deceased.

For the foregoing reasons we conclude that plaintiff's decedent had a general power of appointment and that the property at issue in this action was properly included in

248

her gross estate for federal estate tax purposes. Judgment will be entered in favor of defendant.